Kane Moon (SBN 249834)
Allen Feghali (SBN 301080)
Jacquelyne VanEmmerik (SBN 339338)
**MOON LAW GROUP, P.C.**
1055 West Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
E-mail: kmoon@moonlawgroup.com
E-mail: afeghali@moonlawgroup.com
E-mail: jvanemmerik@moonlawgroup.com

Attorneys for Plaintiff, Jeffrey Hogue

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HOGUE individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>VERIZON BUSINESS NETWORK SERVICES, LLC, a limited liability company; VERIZON BUSINESS NETWORK SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants.* | Case No. 2:22-cv-00852-FMO-MRW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE**<br><br>Date:        May 16, 2024<br>Time:       10:00 a.m.<br>Courtroom: 6D<br><br>Action Filed:  December 27, 2021<br>Removed:      February 7, 2022<br>Trial Date:    None Set |

i
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND
PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE** that on May 16, 2024, at 10:00 a.m., in Courtroom 6D of the First Street Courthouse of the United States District Court for the Central District of California, Plaintiff Jeffrey Hogue (hereinafter "Plaintiff"), on behalf of himself and all individuals who worked for Verizon Business in California in a Covered Client Executive position from December 27, 2017, through January 3, 2024, and pursuant to Federal Rules of Civil Procedure Rule 23, will move the Court for an Order granting Final Approval of the Joint Stipulation of Class and PAGA Representative Action Settlement and Release between Plaintiff and Defendants Verizon Business Network Services, LLC and Verizon Business Network Services, Inc. The Motion will be based on the attached Memorandum of Points and Authorities; the Declaration of Cassandra Polites; such oral argument as may be heard by the Court; and all other papers on file in this Action.

Date: April 18, 2024                                Respectfully submitted,

                                                */s/ Allen Feghali*
                                                Kane Moon
                                                Allen Feghali
                                                Jacquelyne VanEmmerik
                                                *Attorneys for Plaintiff and the Class*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE

TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

I. INTRODUCTION ............................................................................................. 1

II. MATERIAL TERMS OF THE SETTLEMENT ............................................... 2

III. SUMMARY OF THE LITIGATION ................................................................ 5

    A. Plaintiff's Claims ..................................................................................... 5

    B. Relevant Procedural History .................................................................... 5

IV. DISCUSSION .................................................................................................... 6

    A. The Settlement Merits Final Approval .................................................... 6

        1. The Settlement Merits Final Approval Because It Is Fair, Adequate, And Reasonable On Balance Of The Above Factors ............................................................................................ 7

        2. The Settlement Merits Final Approval Because It Is Not The Product Of Fraud Or Overreaching ............................................. 11

        3. The Class Satisfies The Requirements For Class Treatment Pursuant To Federal Rules of Civil Procedure Rule 23(a) .......... 11

        4. The Class Received Adequate Notice Pursuant To Federal Rules Of Civil Procedure Rule 23(c)(2) ................................................. 14

V. CONCLUSION ................................................................................................ 15

i

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE

# TABLE OF AUTHORITIES

*Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)..........................10

*Hammon v. Barry*, 752 F. Supp. 1087 (D.D.C. 1990)..............................................9, 10

*In re Armored Car Anti-Trust Litigation*, 472 F. Supp. 1357 (N.D. GA 1979)..........10

*In re Immune Response Securities Litigation*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007)..........................................................................................................................9

*Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx)) 2019 U.S.Dist.LEXIS 180474 (C.D.Cal. Oct. 10, 2019)..................................................................................8

*Linney v. Cellular Alaska P'ship*, 151 F,3d 1234 (9th Cir. 1998).............................6, 8

*Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987)....................................................................................................11

*Officers for Justice v. Civil Service Commission of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)....................................................10, 11

*Pridd v. Edelman*, 883 F.2d 438 (6th Circuit 1989)......................................................11

*Sommers v. Abraham Lincoln Federal Savings & Loan Association*, 79 F.R.D. 571 (E.D. PA 1978).........................................................................................................10

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).......................10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jeffrey Hogue (hereinafter, "Plaintiff"), on behalf of himself and all individuals who worked for Verizon Business in California in a Covered Client Executive position from December 27, 2017, through January 3, 2024 (hereinafter, the "Class"), moves the Court for an Order granting Final Approval of the Joint Stipulation of Class and PAGA Representative Action Settlement and Release (hereinafter, "Settlement") between Plaintiff and Defendants Verizon Business Network Services, LLC and Verizon Business Network Services, Inc. (hereinafter, "Defendants") (Defendants with Plaintiff hereinafter, the "Parties") preliminarily approved by the Court on January 3, 2024 and pursuant to well-established precedent.

## II. MATERIAL TERMS OF THE SETTLEMENT

The material terms of the Settlement are as follows:

**Certification:** The Parties stipulate to certification of the Class as to all claims asserted in the Complaint for settlement purposes only. (*Settlement*, ¶ 60);

**Class and/or Class Members:** all individuals who worked for Verizon Business in California in a Covered Client Executive position during the Class Period. (*Settlement*, ¶ 2);

**Class Counsel Fees Payment:** an amount of no less than to one-third of the Gross Settlement Amount, or Two Hundred Twenty-Seven Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($227,333.33), payable to Class Counsel for reasonable attorneys' fees incurred to prosecute the Action. (*Settlement*, ¶ 4; *see Declaration of Cassandra Polites of ILYM Group, Inc. Regarding Notice and Settlement Administration* ["*Polites Decl.*"], ¶ 14).

**Class Counsel Litigation Expenses Payment:** an amount of Twenty-Three Thousand Dollars ($23,000.00) allocated to Class Counsel for reimbursement of expenses incurred to prosecute the Action. (*Settlement*, ¶ 5; *Polites Decl.*, ¶ 14).

**Class Period:** the period from December 27, 2017 through January 3, 2024. (*Settlement*, ¶ 9; *see Dkt. No. 48*).

**Class Release:** The Participating Class Members (i.e., those Class Members who do submit a valid and timely Request for Exclusion from the non-PAGA Portion of the Settlement) release all claims, rights, demands, liabilities and causes of action that were asserted or that could have been asserted based on the facts or claims alleged in the operative complaint in the Action, and any amendments thereto. (*Settlement*, ¶¶ 37, 42);

**Class Representative Service Payment:** the payment not to exceed Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) to the Class Representative for initiating the Action and providing services in support of the Action. (*Settlement*, ¶ 11; *Polites Decl.*, ¶ 14).

**Class Size:** There are a total of 105 Class Members and 105 Participating Class Members. (*Polites Decl.*, ¶¶ 6, 7, 15).

**Covered Class Workweeks:** Defendants estimate that the number of Covered Class Workweeks for all potential Class Members from December 27, 2017, to May 8, 2023, is approximately 12,400. (*Settlement*, ¶¶ 14, 63(h));

**Effective Date:** the date by when both of the following have occurred: (a) the Court enters its Order Granting Final Approval of the Settlement; and (b) the next court day after the Final Approval Order becomes a Final Judgment. (*Settlement*, ¶ 17). Within 14 days after the Effective Date, Defendants will provide payment of the Gross Settlement Amount to the Settlement Administrator to fund the Qualified Settlement Fund. (*Settlement*, ¶ 89).

**Employer's Payroll Taxes**: Verizon Business's share of any applicable employer payroll taxes on the wage-portion of the Individual Class Payments to be paid in connection with the Settlement, which Verizon Business shall pay in addition to the Gross Settlement Amount. (*Settlement*, ¶ 18);

**Gross Settlement Amount**: Six Hundred Eighty-Two Thousand Dollars and Zero Cents ($682,000.00), which is the total amount Verizon Business agrees to pay under the Settlement, subject to the Gross Settlement Amount ten percent (10%) Escalation Clause, and which does not include the amount of the Employer's Payroll Taxes. The Gross Settlement Amount shall be used to pay Individual Class Payments, Individual PAGA Payments, the LWDA PAGA Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class Representative Service Payment, and Settlement Administration Expenses. (*Settlement*, ¶ 23);

**Individual Class Payment:** the Participating Class Member's pro rata share of the Net Settlement Amount calculated according to the number of each Participating Class Member's Covered Class Workweeks. (*Settlement*, ¶ 25);

**Net Settlement Amount:** the Gross Settlement Amount, less the following payments in the amounts approved by the Court: Individual PAGA Payments, the LWDA PAGA Payment, Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and the Settlement Administration Expenses. The remainder is to be paid to Participating Class Members as Individual Class Payments. (*Settlement*, ¶ 29);

**Notice to LWDA:** Notice was provided to the Labor and Workforce Development Agency prior to the filing of this Motion.

**PAGA Member:** all persons employed by Verizon Business in California as in a Covered Client Executive position during the PAGA Period. (*Settlement*, ¶ 33);

**PAGA Penalties:** the Fifty Thousand Dollars and Zero Cents ($50,000.00) total amount of PAGA civil penalties to be paid from the Gross Settlement Amount, allocated as Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) for the twenty-five percent (25%) due to the PAGA Members and as Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) for the seventy-five percent (75%) to the LWDA in settlement of PAGA claims. (*Settlement*, ¶ 35);

**PAGA Period:** the period from May 8, 2022 through January 3, 2024. (*Settlement*, ¶ 36);

**PAGA Release:** The PAGA Members will release all claims, rights, demands, liabilities and causes of action arising from the PAGA (Labor Code §§ 2689, et seq.) that were asserted or that could have been asserted based on the facts or claims alleged in the operative complaint in the Action and Plaintiff's PAGA Notice, and any amendments thereto. (*Settlement*, ¶ 43);

**Settlement Administration Expenses:** those expenses incurred by the Settlement Administrator, ILYM Group, Inc., in effectuating the Settlement, not to exceed $7,000. (*Settlement*, ¶¶ 47, 48; *Polites Decl.*, ¶ 14).

**Tax Allocation:** one-half (1/2) of each Individual Class Payment as unpaid wages, which will be reported on an IRS Form W-2 with applicable withholdings; and one-half (1/2) as non-wages (i.e., interest, penalties, reimbursements) which will be reported on an IRS Form 1099 without withholdings. All Individual PAGA Payments will be allocated entirely to statutory penalties and will be reported on an IRS Form 1099 without withholdings. (*Settlement*, ¶ 69);

**Uncashed Settlement Checks:** The Parties stipulate that any uncashed settlement checks will be sent to the Controller of the State of California to be held by the Unclaimed Property Fund in the name of the individual to whom the uncashed check was addressed, for the benefit of those individuals who did not cash their checks until such time as they claim their property. (*Settlement*, ¶¶ 49, 91);

**"Verizon Releasees"** means Verizon Business Network Services, LLC and all of its former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, insurers, and parents, and each of their respective predecessors, successors, and assigns, as well as each of their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, benefit plans, plan administrators, insurers, and trustees. (*Settlement*, ¶ 51).

A true and correct copy of the Settlement is attached to the Declaration of Kane Moon In Support Of Attorney's Fees, Attorney's Costs, and Incentive Award ("Declaration of Kane Moon") as **Exhibit 2**. (*Dkt. No. 49*).

### III. SUMMARY OF THE LITIGATION

#### A. Plaintiff's Claims

Plaintiff's claims, as alleged in the operative First Amended Class and Representative Action Complaint (hereinafter, "operative Complaint"), include the following: (1) Failure to Pay Minimum Wages [California Labor Code ("Labor Code") §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Labor Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Labor Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Labor Code § 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Labor Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Labor Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Labor Code § 226]; (8) Unfair Business Practices [California Business and Professions Code §§ 17200, *et seq.*]; and Civil Penalties under PAGA [Labor Code §§ 2699, *et seq.*]. (*Dkt. No. 46*).

#### B. Relevant Procedural History

On December 26, 2021, Plaintiff submitted to the LWDA, and sent via certified mail to Defendants, a notice of Labor Code violations pursuant to Labor Code section 2699.3(a). (*Settlement*, ¶ 52). A true and correct copy of Plaintiff's PAGA Notice is attached to the Declaration of Kane Moon as **Exhibit 1**. On the same date, Plaintiff commenced the Action by filing a Class Action Complaint against Defendant in the Los Angeles County Superior Court. (*Id.*).

On February 7, 2022, Defendants removed the Action to the United States District Court for the Central District of California. (*Settlement*, ¶ 52); and in or around April 2022, the Court requested Defendants to show cause for removal. (*Dkt No. 16*). Following protracted motion practice, the Court found sufficient cause for removal on the basis of diversity jurisdiction. (*Dkt No. 25*).

In or around September 2022, the Parties initiated formal discovery: a process that required judicial intervention by way of an Informal Discovery Conference in February 2023. (*Dkt No. 32*). Thereafter, the Parties agreed to attempt to resolve the Action through private mediation and engage in good faith efforts to complete meaningful discovery in preparation therefor. (*Dkt No. 33*). For example, prior to mediation, Plaintiff obtained, in addition to other documents produced through formal and informal discovery, a fifty-percent sample of payroll records of the Class.

On May 8, 2023, the Parties participated in an all-day mediation presided over by professional mediator, Michael Dickstein, Esq., which directly resulted in the Settlement. (*Settlement*, ¶ 55). Following mediation, Plaintiff moved the Court for preliminary approval of the Settlement, and thereafter, the Parties filed a Joint Stipulation for Leave to File First Amended Complaint in accordance with the terms of the Settlement. (*Dkt Nos. 44, 45*). The Court granted Plaintiff leave on September 21, 2023, and preliminarily approved the Settlement on January 3, 2024. (*Dkt No. 48*).

## IV.  DISCUSSION

### A.  The Settlement Merits Final Approval

In order to grant Final Approval, the Court must find the Settlement is fair, adequate, and reasonable. (*See* Fed. R. Civ. P. 23(e).) A settlement is fair, adequate, and reasonable on balance of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Linney v. Cellular Alaska P'ship*, 151 F,3d 1234, 1242 (9th Cir. 1998). Not all factors apply to each class action settlement. Further, one factor may prove determinative in finding sufficient grounds for Final Approval. *See e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

1. **The Settlement Merits Final Approval Because It Is Fair, Adequate, And Reasonable On Balance Of The Above Factors**

    a) **Here, the strength of Plaintiff's case supports Final Approval:** In Paragraph 59 of the Settlement, the Parties agree that the Settlement is not be construed or deemed an admission of liability by Defendant. Nevertheless, Plaintiff maintains that his claims were supported by the fifty-percent sample of payroll records of the Class and other policy documents produced by Defendant ahead of mediation. (*See Dkt. No. 42, Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class and PAGA Action Settlement* ("*Preliminary Approval Motion*"), ¶ IV.C.2.);

    b) **Here, the risk, expense, complexity, and likely duration of further litigation supports Final Approval:** First, if this Action did not result in the Settlement, there would have been high risk and expense in achieving certification, in meeting the burdens of proof necessary to establish liability, and in proving the extent of damages thereafter. (*See Id.*) Second, if this Action did not result in the Settlement, it would have been significantly protracted by the class certification, trial, and potential appeals processes, as Plaintiff's claims were and remain highly contested, and therefore, such processes, rather than any form of informal resolution, would have likely been necessary to resolve the claims. (*See Id.*)

        **c)**    **Here, the amount offered in settlement supports Final Approval:** The Settlement, and in particular, its allocations to the Class, PAGA Members, Class Counsel, and other beneficiaries, represents a founded compromise reached after a meaningful formal and informal exchange of data and documents; a good-faith mediation presided over by an experienced wage and hour class action mediator; and dedicated post-mediation negotiations. Further, the Settlement is an exceptional result in light of the realistic maximum recovery which Plaintiff estimated to be $784,225.00. (*See Dkt. No. 42*, *Preliminary Approval Motion*, ¶ IV.C.3.).

    (1)    Indeed, the Settlement provides for a Gross Settlement Amount of $682,000.00, which represents a substantial recovery[1] when compared to Plaintiff's realistic maximum recovery, in light of the guaranteed relief it represents, and the significant risk it avoids. (*See Dkt. No. 43*, *Declaration of Kane Moon In Support Of Plaintiff's Motion for Preliminary Approval of Class and PAGA Action Settlement* ("*Preliminary Approval Declaration*"), ¶¶ 21-30; *see e.g.*, *Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx)) 2019 U.S.Dist.LEXIS 180474 (C.D.Cal. Oct. 10, 2019) (finding a ten percent (10%) recovery of the total maximum damages is reasonable in light of the risks of continued litigation).

---

[1] The Gross Settlement Amount represents 86.96% of Plaintiff's realistic maximum recovery.

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE

      **d)**    **Here, the extent of discovery completed and the stage of the proceedings supports Final Approval:** First, the discovery completed in this Action was exhaustive, as it included, but was not limited to, a statistically significant sample of time and corresponding payroll records of the Class and any and all policy records in effect during the Class Period, which enabled Class Counsel to evaluate the breadth, merits, and value of Plaintiff's claims. (*See Dkt. No. 43*, *Preliminary Approval Declaration*, ¶¶ 10-11.) Second, the stage of this Action before mediation was class certification, which is an involved process that, when subverted, prevents significant expense of judicial resources, attorney time, and client time. *See In re Immune Response Securities Litigation*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave the parties a clear view of the strength and weaknesses of their cases); *Linney*, *supra*, 1997 WL 450064, *5 (N.D. Cal. 1997) (finding that "a presumption that the agreement is fair" occurs when the settlement results from arms-length negotiations following "relevant discovery").

      **e)**    **Here, the experience and views of Class and Defense Counsel support Final Approval:** First, Class and Defense counsel have extensive class action litigation experience. (*See Dkt. No. 49, Declaration of Kane Moon*, ¶¶ 14-30). Second, Class and Defense counsel agree that the Settlement is within the ballpark of fairness and reasonableness. *See Hammon v. Barry, 752 F. Supp. 1087

*(D.D.C. 1990)* (finding courts do not substitute their judgment for that of the proponents, particularly where a settlement has been reached with the participation of experienced counsel familiar with the litigation); *see also In re Armored Car Anti-Trust Litigation*, 472 F. Supp. 1357 (N.D. GA 1979); *Sommers v. Abraham Lincoln Federal Savings & Loan Association*, 79 F.R.D. 571 (E.D. PA 1978).

  f) **Here, the reaction of the Class Members to the Settlement supports Final Approval:** First, no Class Members requested exclusion from the Settlement. (*Polites Decl.*, ¶ 11). Thus, all Class Members are Participating Class Members. (*Id.*, at ¶ 15). Second, no Class Members objected to the Settlement, which creates a strong presumption that the Class had a positive reaction to the Settlement. (*Id.*, at ¶ 12; *see Churchill Village, LLC. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Last, the Individual Class Payments are considerable, e.g., the *average* Individual Class Payment is $3,546.89, in view of the strength of Plaintiff's claims. (*Id.*, at ¶ 16).

  g) **The Settlement merits Final Approval in light of these factors because they demonstrate it was reached under fair and reasonable circumstances.** *See Officers for Justice v. Civil Service Commission of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (finding the reasonableness of a settlement amounts to "an amalgam of delicate balancing, gross approximations and rough justice.")

### 2. The Settlement Merits Final Approval Because It Is Not The Product Of Fraud Or Overreaching

In *Officers for Justice*, the Ninth Circuit held that review under Federal Rules of Civil Procedure Rule 23(e) "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Officers for Justice*, *supra*, 688 F.2d at 625. Therefore, the Ninth Circuit will not reverse a district court's approval of a class action settlement unless there is evidence of fraud or overreaching by, or collusion between, the Parties, including, but not limited to, evidence that "the fees and relief provisions clearly suggest the possibility that class interests gave way to self-interest." *Staton v. Boeing Co.*, 327 F.3d 938, 961 (9th Cir. 2003).

Here, the Settlement was reached through a non-collusive investigation and arm's-length negotiations, and there is no evidence of fraud or overreaching by, or collusion between, the Parties. This is demonstrated by the extensive discovery completed by the Parties ahead of mediation, the numerous meet and confer efforts and negotiations of the Parties ahead of mediation, and the mediation itself, which was presided over by Michael Dickstein, Esq., a highly-respected mediator skilled at helping parties attempting to negotiate reasonable settlements in wage and hour class actions. *See Pridd v. Edelman*, 883 F.2d 438, 447 (6th Circuit 1989) (finding that there is a presumption that negotiations between opposing parties are conducted in good faith); *Mars Steel Corp. v. Continental Illinois National Bank and Trust Co.*, 834 F.2d 677, 682 (7th Cir. 1987). This is further supported by the fact that Class Counsel seek fair and reasonable fees and costs, and Plaintiff seeks a fair and reasonable incentive award, which is addressed in the Declaration of Kane Moon Motion. (*See Dkt No. 49*).

### 3. The Class Satisfies The Requirements For Class Treatment Pursuant To Federal Rules of Civil Procedure Rule 23(a)

Here, the Class satisfies the requirements for class treatment pursuant to Federal Rules of Civil Procedure Rule 23(a). Federal Rules of Civil Procedure Rule 23(a) requires the Class: (1) to be so numerous that joinder of all members is impracticable; (2) to share common questions of law or fact; (3) to have claims or defenses that are typical of those of the representative parties; and (4) to have their interests fairly and adequately protected by the representative parties. (Fed. R. Civ. P. R. 23(a).)

    a) **Here, the Class is so numerous that joinder of all members is impracticable** because it consists of 105 Class Members, and joinder of 105 Class Members would be extremely impractical to manage. Further, such amount exceeds the minimum threshold considered numerous under federal and state precedent. (*See Polites Decl.*, ¶ 15; *Dkt. No. 42*, *Preliminary Approval Motion*, ¶ IV.B.1.).

    b) **Here, the Class shares common questions of law and fact.** For example, Plaintiff and the Class share the following questions of law and fact: whether, during the Class Period, Defendant (i) had legally compliant policies and practices to pay employees all wages owed; (ii) had legally compliant policies and practices to provide employees with code-compliant meal periods; (iii) had legally compliant policies and practices authorizing and permitting its employees to take code-compliant rest breaks; (iv) had legally compliant policies and practices to ensure reimbursement of all necessary business expenses incurred; (v) timely paid final wages to employees; and (vi) had legally compliant wage statements. (*See Dkt. No. 42*, *Preliminary Approval Motion*, ¶ IV.B.2.).

|   |   |   |
|---|---|---|
| 1 | c) | **Here, Plaintiff's claims are typical of the Class' claims** because the Class Members were subject to the same or similar allegedly violative wage and hour policies and practices in question in this Action. (*See Dkt. No. 42*, *Preliminary Approval Motion*, ¶ IV.B.3.). |
| 6 | d) | **Here, the Class' interests have been fairly and adequately protected by Plaintiff and Class Counsel.** This is evidenced by the comprehensive process Class Counsel underwent to bring about the Settlement for the Class and by the significant average recovery estimated for the Class Members. (*Polites Decl.*, ¶ 16; *see Dkt. No. 42*, *Preliminary Approval Motion*, ¶ IV.B.4.). Further, this is evidenced by the fact that Plaintiff's claims are not antagonistic to those of the Class, that Plaintiff retained Class Counsel with significant experience in wage and hour class and representative action litigation, and that Plaintiff was seriously committed to bringing about the best results for the Class as a whole, rather than for herself alone. (*See Id.*) |
| 20 | e) | **Last, the class device is superior to other available methods for fairly and efficiently adjudicating Plaintiff's claims** because it allowed for Class Members to efficiently and judiciously resolve their common questions of law and fact as one, and ultimately resulted in Class Members obtaining a guaranteed recovery for the alleged unpaid wages whilst getting to share the burden of Class Counsel's reasonable attorneys' fees and costs. (*See Id.*) |

13
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE

### 4. The Class Received Adequate Notice Pursuant To Federal Rules Of Civil Procedure Rule 23(c)(2)

Adequate notice must be provided to any certified class pursuant to Federal Rules of Civil Procedure Rule 23(c)(2). Federal Rules of Civil Procedure Rule 23(c)(2) requires, upon court order, the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. (Fed. R. Civ. P. R. 23(c)(2).) It also requires that the notice clearly and concisely state in plain, easily understood language: the nature of the action, the definition of the certified class, the class claims, issues, or defenses, the process for appearing, the option, time, and mode of exclusion, and the binding effect of a class judgment on members. (*Id.*)

Here, the Class received adequate notice because they received the best notice practicable under the circumstances: individual notice to all members who could be identified through reasonable effort. (*See Polites Decl.*, ¶¶ 6-8). Specifically, on February 16, 2024, the Class Notice Packet was mailed, in both English and Spanish, via U.S First Class Mail, to all 105 individuals contained in the Class List provided to the Settlement Administrator after Preliminary Approval and at the addresses contained in the Class List or processed through the National Change of Address database and/or Skip Trace process. (*Id.*, ¶¶ 7-8).

Further, the Class Notice Packet clearly and concisely stated in plain, easily understood language: the background of the case; the nature of the case as a class action; the definition of the Class; Plaintiff's claims; the process for making an appearance, objecting to the Settlement, requesting exclusion from the Settlement, and disputing one's Covered Class Workweeks; and the binding effect of a Final Order and Judgment of the Court granting Final Approval of the Settlement. (*Id.*, **Exhibit A**.) As of April 11, 2024, only one Class Notice Packet was returned as undeliverable. (*Id.*, ¶ 9). Therefore, 99% of Class Members received direct notice of the Settlement and decided to be a Participating Class Member.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff requests that the Court grant Final Approval of the Parties' Joint Stipulation of Class and PAGA Representative Settlement and Release.

Respectfully submitted,

Dated: April 18, 2024                **MOON LAW GROUP, PC**

By: */s/ Allen Feghali*
Kane Moon
Allen Feghali
Jacquelyne VanEmmerik
*Attorneys for Plaintiff and the Class*

15
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT AND RELEASE